**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL CASE NO. 23-125-DLB-EBA**

**MARK ELDRIDGE**                                                                                                    **PLAINTIFF**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**JOHNNY W. BOGGS, et al.**                                                           **DEFENDANTS and**
                                                                                                       **THIRD-PARTY PLAINTIFFS**

**v.**

**COMMUNICATIONS VENTURE CORPORATION,**
**d/b/a INdigital, et al.**                                                                       **THIRD-PARTY DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon three Motions: (1) Plaintiff Mark Eldridge's Motion to File First Amended Complaint (the "Motion to Amend") (Doc. # 33); (2) Third-Party Defendant GeoConex, LLC's Motion to Dismiss Third-Party Complaint (the "Primary MTD") (Doc. # 47); and (3) Third-Party Defendant Communications Venture Corporation d/b/a INdigital's Motion to Dismiss Third-Party Complaint (the "Secondary MTD") (Doc. # 48). The Motions are fully briefed and ripe for review. For the following reasons, the Motion to Amend is **denied**, and the Primary MTD and the Secondary MTD are each **granted**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action stems from the events of January 1, 2023, when law enforcement officers were dispatched to Plaintiff Mark Eldrige's home. (Doc. # 1 ¶¶ 9-12). Plaintiff is

1

an individual and resident of Elliott County, Kentucky. (*Id.* ¶ 1). Defendant/Third-Party Plaintiff Johnny W. Boggs is an individual and resident of Elliott County, Kentucky, and is employed as a dispatcher for Defendant/Third-Party Plaintiff the Elliott County Fiscal Court. (*Id.* ¶ 2). Defendant/Third-Party Plaintiff Casey Brammell is a resident of Elliott County, Kentucky, and is employed as a deputy sheriff with the Elliott County Sheriff's Department. (*Id.* ¶ 3). Defendants/Third-Party Plaintiffs Johnson McGraw, Jacob Williams, and Ethan Crouch are each Kentucky residents and are each employed as Kentucky State Troopers at Post 8 in Elliott County, Kentucky. (*Id.* ¶¶ 4-6). Third-Party Defendants Communications Venture Corporation d/b/a INdigital ("INdigital"); Mountain Rural Telephone Cooperative Corporation, Inc.; and GeoConex, LLC ("GeoConex") provide various dispatch, telephone, and telecommunications services and systems to Defendants/Third-Party Plaintiffs. (Doc. # 22 ¶¶ 5-7, 14-16).

On January 1, 2023 at approximately 8:15 p.m., Dispatcher Johnny W. Boggs received a 911 call from a Ms. Tammy Baker who reported to Boggs that two children had "just come to her front door asking for help." (Doc. # 1 ¶ 9). Specifically, the children told Ms. Baker that their mother was being physically assaulted by her boyfriend and that the boyfriend had also pulled a gun on their mother. (*Id.*). During the 911 call, Ms. Baker informed Boggs that the children lived two or three houses past her home and provided Boggs with her home address, which is located approximately 10 miles from Plaintiff's home. (*Id.* ¶¶ 10-11). For whatever reason, Boggs then dispatched Deputy Casey Brammell to Plaintiff's home. (*Id.* ¶ 12). After Brammell requested "back up due to the report of a firearm being present" at the scene, Boggs also dispatched Troopers Johnson McGraw, Jacob Williams, and Ethan Crouch to Plaintiff's home. (*Id.* ¶¶ 12-13).

2

Upon arriving at Plaintiff's property, the officers parked their vehicles approximately 150 feet from Plaintiff's front porch. (*Id.* ¶ 13). The officers did not activate any emergency lights or sirens while approaching Plaintiff's home. (*Id.*). At the scene, the officers observed two vehicles and "called in" the vehicle's license plate numbers. (*Id.*). The names of the vehicles' registered owners did not match the names of the individuals Ms. Baker identified as those involved in the domestic dispute. (*Id.*). The officers did not attempt to recontact Ms. Baker to confirm whether they were at the correct address, did not otherwise attempt to confirm the accuracy of the address, and did not comply with "the requisite knock and announce requirements." (*Id.* ¶ 14).

At approximately 8:30 p.m., Plaintiff heard repeated heavy banging coming from his front door. (*Id.* ¶¶ 15-16). Plaintiff was expecting no visitors, was unaware that law enforcement officers were on his property, and believed that someone was attempting to break into his home. (*Id.*). Plaintiff then grabbed a handgun he kept next to his front door and looked out onto his front porch through a curtained window. (*Id.* ¶ 17). Plaintiff observed several bright and moving lights shining at his front door. (*Id.*). According to Plaintiff, the lights were blinding and obscured the officers' uniforms. (*Id.*). Plaintiff also alleges that he did not observe any police vehicles as they "were parked some distance down the driveway, obscured behind underbrush and a briar thicket." (*Id.*).

Believing that the officers were "intruders," Plaintiff opened his door and yelled for them "to get away." (*Id.* ¶ 19). Plaintiff was then shot multiple times in his right and left forearms while standing in his doorway. (*Id.*). Although Plaintiff returned fire at some point, none of the officers were injured. (*Id.*). The officers administered torniquets at the scene to stop Plaintiff from bleeding and contacted a different dispatcher who advised

Dispatcher Boggs of the situation at Plaintiff's residence.  (*Id.* ¶¶ 22-24).

Later that day, Boggs received a call from a man providing additional information about the domestic dispute that was the subject of the original 911 call.  (*Id.* ¶ 25).  The man told Boggs that the domestic dispute was occurring at specific address that was not Plaintiff's.  (*Id.*).  After realizing that he mistakenly sent the officers to Plaintiff's address, Boggs told the Elliott County Sheriff that "[w]he have got a mess and it is my fault."  (*Id.* ¶¶ 25-26).

Plaintiff received initial treatment for his gunshot wounds at the Morgan County ARH hospital before being transferred by ambulance to the hospital at the University of Kentucky ("UK").  (*Id.* ¶¶ 27-31).  Plaintiff remained at the UK hospital for eighteen days and underwent multiple surgeries there.  (*Id.* ¶ 31).  While at the UK hospital, Plaintiff was put under twenty-four-hour guard by Kentucky State Police officers and was not permitted to see any visitors unless such visitation was approved by a "superior officer."  (*Id.* ¶¶ 33-34).

On January 13, 2023, Plaintiff received a citation requiring him to appear before the Elliott County District Court to face four felony counts of first-degree wanton endangerment.  (*Id.* ¶ 35).  Plaintiff attended his initial appearance, during which a preliminary hearing was scheduled to determine whether probable cause existed for the charges against Plaintiff.  (*Id.* ¶ 36).  At the close of the preliminary hearing, the presiding county district judge found that probable cause was lacking and "released [Plaintiff] from further proceedings."  (*Id.*).  Thereafter, the Kentucky State Police presented the case against Plaintiff for indictment to the Elliott County Grand Jury which returned a No True Bill.  (*Id.* ¶ 37).

4

On December 27, 2023, Plaintiff initiated this action by filing his Complaint. (Doc. # 1). Although Plaintiff brings the bulk of his claims against Defendants pursuant to 42 U.S.C. § 1983, he also asserts state law claims for malicious prosecution, wrongful imprisonment, negligence, and gross negligence. (*Id.* ¶ 38).

On August 30, 2024, Defendants filed their Motion for Leave to File Third Party Complaint together with a copy of their proposed Third-Party Complaint. (Docs. # 19 and 19-3). After Plaintiff filed a "Reply" indicating that he had no objection to Defendant's Motion (Doc. # 20), Magistrate Judge Edward B. Atkins issued an Order granting the Motion and directing the Clerk's Office to docket Defendants' Third-Party Complaint. (Doc. # 21). In their Third-Party Complaint, Defendants assert that any responsibility for Plaintiff's injuries lies with the Third-Party Defendants and asserts claims of apportionment and indemnity against them. (Doc. # 22 ¶¶ 3, 22-27).

On October 8, 2024, Plaintiff filed the Motion for Leave through which he requests permission to file his First Amended Complaint asserting new claims against the Third-Party Defendants. (Doc. # 33). The Motion for Leave is fully briefed (Docs. # 43, 46, and 52) and is ripe for review.

On November 11, 2024, GeoConex filed the Primary MTD through which it requests that the Court dismiss the Third-Party Complaint against it. (Doc. # 47). The next day, INdigital filed the Secondary MTD through which it argues that "the facts and legal arguments set forth in [the Primary MTD] also support dismissal of the Third-Party Complaint against INdigital." (Doc. # 48; Doc. # 48-1 at 2). The Motions to Dismiss are

5

also fully briefed (Docs. # 53, 55, 61-62, and 82) and are also ripe for review.[1]

## II.  DISCUSSION

For organizational purposes, the Court addresses the Motion for Leave before addressing the Motions to Dismiss.

### A.  Motion for Leave

In the Motion for Leave, Plaintiff requests leave to file his First Amended Complaint which asserts new claims against the Third-Party Defendants. (Doc. # 33). In support, Plaintiff states that he has received information from Defendants/Third-Party Plaintiffs which suggests that the Third-Party Defendants may have contributed to Plaintiff's injuries. (*Id.*). Plaintiff further claims that "he only recently became aware of this information following the filing of the lawsuit as to the conduct of the newly added Defendants." (*Id.*). Plaintiff has also tendered to the Court a copy of his proposed First Amended Complaint. (Doc. # 33-1).

In their Response, Third-Party Defendants principally argue that the Motion for Leave should be denied because Plaintiff's requested amendment is futile. (Doc. # 43). They specifically argue (i) that Plaintiff's claims against the Third-Party Defendants are time barred, (ii) that the discovery rule does not apply to Plaintiff's new claims, and (iii) that Plaintiff's proposed First Amended Complaint does not relate back to his original Complaint under Federal Rule of Civil Procedure 15(c). (*Id.* at 6-15).

---

[1]  An additional motion—namely, Defendants/Third-Party Plaintiffs' Motion for Leave to File Sur Reply to Third-Party Defendants' Motion to Dismiss (Doc. # 65)—appears on the docket as still pending. But this Motion was resolved by Judge Atkins' Order at Docket Entry 81. (*See* Doc. # 81 at 26). Accordingly, the Court **directs** the Clerk's Office to modify the docket to reflect that Docket Entry 65 was resolved by Docket Entry 81 and is no longer pending.

6

Plaintiff does not contest or substantively address Third-Party Defendants' statute of limitations, discovery rule, or Rule 15(c) arguments in his Reply. (Doc. # 46). Instead, he argues that the Motion for Leave should be granted "based on the doctrine of equitable tolling." (*Id.* at 1). Third-Party Defendants contest whether Plaintiff is entitled to equitable tolling in their Sur-Reply (Doc. # 52) which this Court granted them leave to file (Doc. # 51).

Plaintiff's Motion for Leave is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure which provides that "[t]he court should freely give leave [to amend] when justice so requires." But as the Sixth Circuit has noted, "the right to amend is not absolute or automatic[,]" and district courts have "discretion in determining whether to permit an amendment[.]" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal citations omitted). "[C]ourts need not give leave to amend when doing so would be futile," such as where "a proposed amendment would not survive a motion to dismiss."[2] *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (internal citations omitted). Leave to amend is also properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018).

As an initial matter, the Court notes that Plaintiff offers "virtually no supporting argument" in favor of his requested relief. *See Inge v. Rock Fin. Corp.*, 388 F.3d 930,

---

[2] This Court has held that a motion to amend would be futile if the claims at issue are time barred. *Barath v. Walmart Stores East, L.P.*, No. 7:24-cv-4-KKC, 2024 WL 2866338, at *1 (E.D. Ky. June 6, 2024).

937 (6th Cir. 2004). Plaintiff's Motion for Leave, which consists of four sentences, states in full as follows:

> Comes the Plaintiff, by counsel, and moves that the attached first amended complaint be filed. In support of this motion, the Plaintiff states that as a result of information received from the Elliott County Defendants, (Brammell, Boggs, and Elliott County Fiscal Court), it appears that a basis exists to add defendants Communications Venture Corporation D/B/A Indigital, Mountain Rural Telephone Cooperative Corporation, Inc., and Geoconex, LLC in that the newly added third party defendants may have substantially contributed to the claims, harms, and injuries previously described in the Plaintiff's original complaint.
>
> The Plaintiff states that he only recently became aware of this information following the filing of the lawsuit as to the conduct of the newly added Defendants.
>
> Wherefore an appropriate order is sought allowing the filing of the attached amended complaint.

(Doc. # 33). Here, Plaintiff "did not attempt to articulate the theories supporting leave to amend in any fashion[ ]" and "did not address the issues of . . . prejudice [ ] or futility." *See Inge*, 388 F.3d at 307. In similar circumstances, the Sixth Circuit has held that leave to amend "could have been denied on this ground alone." *Id.*

Regardless, the Court need not decide the issue, as the Motion for Leave will be denied for reasons unrelated to Plaintiff's failure to adequately state why it should be granted. As discussed above, Plaintiff does not contest or substantively address Third-Party Defendants' statute of limitations, discovery rule, or Rule 15(c) arguments in his Reply or his original Motion for Leave. Plaintiff has accordingly waived any challenge to these arguments, and the Court need not—and will not—address them on the merits. *See Wood v. U.S. Bank Nat'l Ass'n*, No. 5:17-cv-02234, 2019 WL 1255229, at *3 (N.D. Ohio Mar. 19, 2019) ("A party waives opposition to an argument by failing to address it in her responsive brief."); *see also Specialty Med. Equip., Inc. v. UnitedHealth Grp., Inc.*,

8

No. 22-CV-12396, 2023 WL 143940, at *9 (E.D. Mich. Jan. 10, 2023) ("Plaintiff fails to address . . . two Counts in its opening Motion or in its Reply brief, and thus waives any argument" regarding the Counts.). Plaintiff's sole remaining argument is that his new claims are timely under the doctrine of equitable tolling. (*See* Docs. # 33 and 46). The Court disagrees.

Here, Plaintiff attempts to assert both Kentucky state law and § 1983 claims against the Third-Party Defendants. (Doc. # 33-1 ¶ 41). Therefore, Kentucky law governs whether Plaintiff is entitled to any equitable tolling. S*ee Patton v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:18-cv-00346-RGJ, 2021 WL 741780, at *6 (W.D. Ky. Feb. 25, 2021) ("Federal courts accept the use of state tolling law in § 1983 cases."). Under Kentucky law, a litigant is entitled to equitable tolling only when (1) he "has put forward a diligent effort to meet the constraints of the statute of limitations" and (2) "some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations." *Id.* (citing *Hill v. State Farm Ins. Co.*, 390 S.W.3d 153, 157 (Ky. App. 2012)).

In his Motion and Reply, Plaintiff does not describe any diligent efforts on his part to meet the statute of limitations. (*See* Docs. # 33 and 46). Nor does he identify any extraordinary circumstance beyond his control which prevented him from meeting the statute of limitations. (*See id.*). As Plaintiff has failed to show either requirement for equitable tolling, his Motion for Leave is appropriately **denied** on this basis alone. Moreover, Plaintiff's sole proffered basis for equitable tolling is insufficient. In his Reply, Plaintiff claims that he only recently became aware of the allegations against the Third-Party Defendants which inform his new claims against them. (Doc. # 46 at 1). But under

9

Kentucky law, "[a] person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints." *Combs v. Albert Kahn Associates, Inc.*, 183 S.W.3d 190, 199 (Ky. App. 2006).

For the above reasons, the Court concludes that Plaintiff has failed to show that his claims against the Third-Party Defendants are timely and/or that he is entitled to any equitable tolling. Accordingly, granting Plaintiff leave to file his First Amended Complaint would be futile, and the Motion for Leave (Doc. # 33) is therefore **denied**.

### B. Motions to Dismiss

Through the Primary MTD and the Secondary MTD, Third-Party Defendants GeoConex and INdigital respectively move for the dismissal of the Third-Party Complaint against them.[3] (Docs. # 47 and 48). Specifically, GeoConex and INdigital argue that (i) Defendants/Third-Party Plaintiffs' apportionment claim is not an independent cause of action and should be dismissed, (ii) the Third-Party Complaint fails to state a proper claim for indemnity, (iii) there is no right to indemnification for § 1983 claims, and (iv) the Third-Party Complaint is impermissible under Federal Rule of Civil Procedure 14(a)(1). (Doc. # 47-1 at 5-10).

In their Response, Defendants/Third-Party Plaintiffs chiefly argue that most of the supposed deficiencies GeoConex and INdigital identified in their Motions have been remedied in the proposed First Amended Third-Party Complaint, which Defendants/Third-Party Plaintiffs filed contemporaneously with their Response. (Doc. # 53 at 3-6; *see also*

---

[3] In the Secondary MTD, INdigital claims that "the facts and legal arguments set forth in [the Primary MTD] also support the dismissal of the Third-Party Complaint against INdigital," and "adopts and incorporates by reference [the Primary MTD]." (Doc. # 48-1 at 2). INdigital makes no other arguments for the dismissal of the Third-Party Complaint against it. (*See id.*). Accordingly, and for convenience purposes, the Court will only cite to the Primary MTD and its ancillary filings as opposed to the Secondary MTD.

Doc. # 54). Defendants/Third-Party Plaintiffs also argue that they have adequately stated an indemnity claim and that Third-Party Defendants' argument to the contrary involves factual disputes that must be resolved by a jury. (Doc. # 53 at 4-5). Additionally, although they admit that they are not entitled to indemnification under § 1983, Defendants/Third-Party Plaintiffs argue that they are contractually entitled to indemnification on their claims. (Doc. # 53 at 4-6). Third-Party Defendants contest these claims and argue that the proposed First Amended Third-Party Complaint is deficient in their Reply (Doc. # 61), and Defendants/Third-Party Plaintiffs further argue that their claims should survive the Motions to Dismiss in their Sur-Reply (Doc. # 82) which Judge Atkins granted them permission to file (Doc. # 81).

As an initial matter, the Court notes that Defendants/Third-Party Plaintiffs cannot rely on their proposed First Amended Third-Party Complaint in addressing Third-Party Defendants' arguments. This is because Judge Atkins issued an Order striking the First Amended Third-Party Complaint. (Doc. # 81 at 26). Therefore, the original Third-Party Complaint is Defendants/Third-Party Plaintiffs' operative pleading, and the Court will only consider the allegations contained in that pleading in addressing the parties' respective arguments.

In pertinent part, the Federal Rules of Civil Procedure allow "[a] defending party [ ], as third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Under [Rule 14(a)], a third party complaint is permitted only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him." *State Auto. Mut. Ins. Co. v. Burrell*, No. 5:17-cv-00300-DCR, 2018 WL 2024617, at *2 (E.D. Ky. May 1, 2018) (quoting *Baker*

11

*v. Pierce*, No. 85-5700, 1987 WL 36585, at 2 n.2 (6th Cir. Jan. 27, 1987) (unpublished table decision)). A third-party plaintiff may not use Rule 14(a) "to attempt to implead a third-party on the basis of the third-party defendant's direct liability to the *plaintiff*." *Id.* (quoting 3 James Wm. Moore et al., Moore's Fed. Practice, Civil § 14.04 (2007) (emphasis in original)). Moreover, "if the third-party plaintiff claims that "it was him, not me,' then impleader is inappropriate." *Id.* (quoting *Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)).

In their Third-Party Complaint, Defendants/Third-Party Plaintiffs do not allege that Third-Party Defendants owed any duties to them or breached those duties. (*See* Doc. # 22). Instead, Defendants/Third-Party Plaintiffs claim that Third-Party Defendants breached duties owed to *Plaintiff*. (*See id.* ¶ 1 (identifying "Plaintiff" as Mark Edridge); *see also id.* ¶ 20 ("Third Party Defendants owed duties to *Plaintiff*[.]") (emphasis added); *see also id.* ¶ 21 ("Third Party Defendants breached their duties to *Plaintiff*[.]) (emphasis added)). Moreover, Defendants/Third-Party Plaintiffs appear to assert an "it was him, not me" defense to liability in the Third-Party Complaint. (*See id.* ¶ 26 ("If Plaintiff was damaged as he alleges, then said damages were not due or caused by the [sic] any negligent acts or omissions on the part of [Defendants/Third-Party Plaintiffs] but were due to the negligent acts or omissions of [Third-Party Defendants].")) Based on this reading of the document, the Third-Party Complaint is impermissible under Rule 14(a)(1).

In their Response, Defendants/Third-Party Plaintiffs do not contest the above reading of the Third-Party Complaint. (*See* Doc. # 53 at 6). Instead, they claim to have resolved any Rule 14(a) issue in their First Amended Third-Party Complaint "by (1) correcting that it was the Third Party Plaintiffs and not Plaintiff Eldridge to whom [Third-

12

Party Defendants] owed duties, and (2) adding a claim for breach of contract." (*Id.*). But as noted above, the First Amended Third-Party Complaint was stricken from the docket. (Doc. # 81 at 26). Accordingly, the Court cannot consider the new allegations and claims that were included in the First Amended Third-Party Complaint.

For these reasons, the Court concludes that the Third-Party Complaint is impermissible under Rule 14(a)(1). Accordingly, the Primary MTD (Doc. # 47) and the Secondary MTD (Doc. # 48) are each **granted**, and the Third-Party Complaint is **dismissed** against GeoConex and INdigital.[4]

### III. CONCLUSION

Thus, for the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff Mark Eldridge's Motion to File First Amended Complaint (Doc. # 33) is **DENIED**;

(2) Third-Party Defendant GeoConex, LLC's Motion to Dismiss Third-Party Complaint (Doc. # 47) is **GRANTED**;

(3) Third-Party Defendant Communications Venture Corporation d/b/a INdigital's Motion to Dismiss Third-Party Complaint (Doc. # 48) is **GRANTED**;

(4) Defendants/Third-Party Plaintiffs' Third-Party Complaint (Doc. # 22) is **DISMISSED** against Third-Party Defendants GeoConex, LLC and Communications Venture Corporation d/b/a INdigital; and

(5) The Clerk's Office is **DIRECTED** to modify the docket to reflect that Docket Entry 65 was resolved by Docket Entry 81 and is no longer pending.

---

[4] Having granted the Primary MTD and the Secondary MTD on Rule 14(a) grounds, the Court need not—and will not—address GeoConex and INdigital's other arguments for dismissal of the Third-Party Complaint against them.

13

This 31st day of May, 2025.



G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2023\23-125 MOO on Misc Motions.docx

14